## In re UNION PACIFIC RAILROAD CO. EMPLOYMENT PRACTICES LITIGATION

### No. 1597.

Judicial Panel on Multidistrict Litigation.

April 14, 2004.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA,* D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., and KATHRYN H. VRATIL, Judges of the Panel.

## TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation presently consists of four actions: one action each in the Western District of Missouri, the District of Nebraska, the District of Oregon and the Western District of Washington. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by the Nebraska plaintiffs to centralize the four actions in this litigation in either the Central District of California or the Western District of Washington for coordinated or consolidated pretrial proceedings. The Washington and Oregon plaintiffs agree that centralization is appropriate, but differ on the most appropriate transferee district. The Washington plaintiff suggests centralization in the Western District of Washington or alternatively supports centralization in the California district. The Oregon plaintiff suggests centralization in the District of Oregon or alternatively supports centralization in either the Washington or California district. Arguing that transfer of the Missouri, Oregon and Washington actions to the District of Nebraska under 28 U.S.C. § 1404(a) is preferable to centralization under Section 1407, defendant Union Pacific Railroad Company (Union Pacific) opposes the motion. Defendant the Board of Trustees of Union Pacific Employees' Health Services joins in this opposition. If the Panel deems centralization appropriate, opponents urge selection of the District of Nebraska as transferee district.

■ On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the District of Nebraska will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions arising out of allegations that Union Pacific discriminates against its female employees by excluding coverage for prescription contraception as a benefit of its employment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings (especially on the issue of class certification), and conserve the resources of the parties, their counsel and the judiciary. In light of the fact that Section 1404 motions are pending in multiple federal districts and additional tag-along actions may be filed, Section 1407 is the more efficient method of congregating these related actions for pretrial proceedings at the present time.

■ We are persuaded that the District of Nebraska is an appropriate transferee district for this litigation. We note that i) many of the purported class members likely reside in Nebraska, ii) documents and witnesses can be found at Union Pacific's Nebraska headquarters, and iii) the Nebraska district has the capacity to handle this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions on the attached Schedule A and pending outside the District of Nebraska are transferred to that district and, with the con-

---

* Judge Selya did not participate in the decision of this matter.

sent of that court, assigned to the Honorable Laurie Smith Camp for coordinated or consolidated pretrial proceedings with the action pending there.

## SCHEDULE A

*MDL–1597—In re Union Pacific Railroad Co. Employment Practices Litigation*

*Western District of Missouri*
 *Kenya Phillips v. Union Pacific Railroad Co.,* C.A. No. 2:03–4237

*District of Nebraska*
 *Brandi Standridge, et al. v. Union Pacific Railroad Co.,* C.A. No. 8:03–437

*District of Oregon*
 *Jackie Fitzgerald v. Union Pacific Railroad Co., et al.,* C.A. No. 3:03–283

*Western District of Washington*
 *Samantha Brand v. Union Pacific Railroad Co.,* C.A. No. 2:03–3935